**Jose Luis MARTINEZ–QUINTERO; Maria De Los Angeles Martinez Garcia, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73172.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bruce C. Wong, Esq., Duxford Law Group, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Carl H. McIntyre, Jr., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, TALLMAN, and BEA, Circuit Judges.

### MEMORANDUM **

Jose Luis Martinez–Quintero and Maria De Los Angeles Martinez Garcia, husband and wife, and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") order denying their application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the discretionary determination that petitioners failed to establish exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1252(a)(2)(B)(i); Martinez–Rosas v. Gonzales,—F.3d—, 424 F.3d 926, 2005 WL 2174477, *3 (9th Cir. Sept.9, 2005).

Contrary to petitioners' contentions, Congress comported with equal protection when it repealed suspension of deportation for aliens, who were placed in removal proceedings on or after April 1, 1997, while permitting aliens placed in de-

portation before that date to maintain their applications for suspension of deportation. See Vasquez–Zavala v. Ashcroft, 324 F.3d 1105, 1108 (9th Cir.2003); Hernandez–Mezquita v. Ashcroft, 291 F.3d 1161, 1163–65 (9th Cir.2002). Petitioners also contend that the IJ denied them equal protection by finding no hardship in spite of their U.S. citizen daughter's medical condition, while other IJs have found the requisite hardship to ailing qualifying relatives with similar medical conditions. We lack jurisdiction over this thinly-veiled abuse of discretion argument. Cf. Martinez–Rosas v. Gonzales, 424 F.3d 926, 2005 WL 2174477 at *3 (concluding due process contention did not present a colorable constitutional claim).

Petitioners' contention that the BIA violated their due process rights by streamlining their appeal is foreclosed by Falcon Carriche v. Ashcroft, 350 F.3d 845 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.